IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT JONES, individually and as** )
**a personal representative of the** )
**estate of Melvin D. Jones, and** )
**KAY JONES,** )
)
         **Plaintiffs,** )
vs. )   Case No. 07-CV-0606-MJR-DGW
)
**DEPUTY SHERIFF BART HILEMAN,** )
**SERGEANT RON STAMP,** )
**DEPUTY SHERIFF ROBBIE MCGEE,** )
**OFFICER JOHN BARR,** )
**OFFICER JOHN WRIGHT** )
**OFFICER STEPHEN LAWRENCE,** )
**OFFICER DALE FOSTER,** )
**OFFICER BRYAN WATKINS,** )
**CITY OF ANNA,** )
**and UNION COUNTY, ILLINOIS,** )
)
         **Defendants.** )

## MEMORANDUM AND ORDER

**REAGAN, District Judge**:

### A. Introduction

On August 27, 2007, Plaintiffs Robert Jones, individually and as the personal representative of Melvin Jones, and Kay Jones brought this suit alleging deprivation of their Fourth Amendment rights under 42 U. S. C. §§ 1983 and 1985 and alleging a wrongful death claim under Illinois law (Doc. 2). However, recently the Court dismissed all of Plaintiffs' claims raised under § 1985 (*see* Doc. 59).

On October 30, 2007, Defendants Lawrence, Wright, and Barr moved this Court to dismiss Plaintiffs' wrongful death claims in Count III pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)** (Doc. 27). On December 3, 2007, Plaintiffs submitted a

response in opposition (Doc. 38). Finally, on December 21, 2007, Defendants filed their reply (Doc. 47).

Having reviewed the parties' filings, this Court now **GRANTS** the Defendants' motion to dismiss Count III (Doc. 27).

### B. Legal Standards

Dismissal is warranted under **Rule 12(b)(6) of the FEDERAL RULE OF CIVIL PROCEDURE** if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. V. Twombly*, --U.S.--, 127 S.Ct. 1955, 1965 (2007);** *EEOC v. Concentra Health Services, Inc.*, **496 F.3d 773, 776 (7th Cir. 2007).**

Stated another way, the question on a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests. ***Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002);** *Mosely v. Board of Education of City of Chicago*, **434 F.3d 527, 533 (7th Cir. 2006).** Additionally, although federal complaints need only plead claims, not facts, the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant. ***Sheridan v. Marathon Petroleum Co., LLC*, 530 F.3d 590, 596 (7th Cir. 2008);** *see also Limestone Dev. Corp. v. Village of Lemont, Ill.*, **520 F.3d 797, 803-04 (7th Cir. 2008).**

In *Tamayo v. Blagojevich*, the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation," notice pleading is still all that is required. **526 F.3d 1074, 1083 (7th Cir. 2008).** "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." ***Id.*;** *Accord Pugh v. Tribune Co.*, **521 F.3d 686, 699 (7th**

**Cir. 2008) ("surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the allegations "must be enough to raise a right to relief above the speculative level").**

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989).

### C. Factual Background

The compliant stems from events surrounding Melvin Jones's October 20, 2006 suicide. Construing the facts in the light most favorable to Plaintiffs, the following events occurred that afternoon. According to Plaintiffs, Melvin Jones went to his parents' backyard with a loaded .22 caliber rifle intending to engage in target practice. At around 2:15 p.m., Robert Jones, Melvin's father, went outside and learned that Melvin had called 911 to inform the emergency dispatcher of his suicidal intentions. Melvin requested an ambulance specifically because "Robert had heart trouble and Melvin did not want anything bad to happen to anyone else as a result of his conduct" (Doc. 2, ¶ 17). Robert then called Kay Jones, his wife and Melvin's mother, apprised her of the situation, and requested that she return home.

Sometime after the 911 call, local law enforcement officers arrived on the scene. The following Defendants were among those who responded to the emergency call: Bart Hileman, Ron Stamp, and Robbie McGee of the Union County Sheriff's Department; John Barr, John Wright, and Stephen Lawrence of the Illinois State Police; and Dale Foster and Bryan Watkins of the Anna Police Department. Many emergency vehicles arrived at the scene, which Plaintiffs say only raised the tension.

Defendant Barr, along with Robert, attempted to negotiate with Melvin while officers simultaneously attempted to gain control of the site. This included establishing "sniper positions," even though Melvin never pointed the gun at anyone and promised that he would not hurt them. The officers believed Melvin's assurances and did not feel threatened.

When Kay arrived on scene, Defendants refused to allow her access to Melvin. Defendants instructed her "not to come any closer" and threatened to use handcuffs and place her in a squad car if she violated their instructions. Another officer was instructed to "guard Kay and prevent her from moving" (Doc. 2, ¶ 33).

Robert, on the other hand, was eventually asked to leave Melvin's side. Though he had not interfered with the officers in any way, he was handcuffed and placed under arrest for obstruction of justice. While the negotiator continued to speak with Melvin, Robert was taken to the Union County Jail.

Minutes after Robert was removed from the scene, Melvin shot himself. Melvin was taken to Union County Hospital by ambulance and died at 4:00 p.m on October 20, 2006. Robert was later released, and no charges were filed against Robert or Kay.

### **D. Analysis**

Defendants Lawrence, Wright, and Barr move this Court to dismiss the wrongful death claims in Count III, arguing that they are protected under the doctrine of state sovereign immunity. Plaintiffs, on the other hand, argue that sovereign immunity does not operate to shield liability for these Defendants' unconstitutional conduct.

The Eleventh Amendment recognizes that each state is a sovereign entity, and "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent." ***Hans v. Louisiana*, 134 U.S. 1, 13 (1890).** By its express terms, the Eleventh Amendment bars

federal courts from hearing suits against a state brought by citizens of any other state. **U.S. CONST. AMEND. XI.**[1] Additionally, the United States Supreme Court has consistently held that unconsenting states are immune from suits brought in federal court by their own citizens as well as those brought by citizens of other states. *See Ameritech Corp. v. McCann*, **297 F.3d 583, 585 (7th Cir. 2002) (citing** *Edelman v. Jordan*, **415 U.S. 651, 662-63 (1974)).**

While the Eleventh Amendment does not bar federal jurisdiction over all state-law causes of action, it does bind federal courts to apply state rules of immunity where state-law causes of action are alleged. *Magdziak v. Byrd*, **96 F.3d 1045, 1048 (7th Cir. 1996).** The Court, therefore, looks to Illinois law to determine whether the Defendants enjoy sovereign immunity from Plaintiffs' wrongful death claims.

The Illinois State Lawsuit Immunity Act, **745 ILCS 5/1**, provides that "the State of Illinois shall not be made a defendant or party in any court," except as provided by the Illinois Court of Claims Act, **705 ILCS 505/8.** That Act, in turn, vests jurisdiction over state tort claims against the State of Illinois in the Illinois Court of Claims.

The Illinois Supreme Court has determined that an action is against the State, and not against a named individual, when

> there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State . . . .

*Healy v. Vaupel*, **549 N.E.2d 1240, 1247 (Ill. S.Ct.1990).** However, the court also noted that state

---

[1] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

actors are not protected by the doctrine of sovereign immunity when sued in their personal capacities for violations of statutory or constitutional law. *Id.*

Plaintiffs' complaint does not allege any of the elements necessary to find that these Defendants acted as individuals rather than as state actors. There is no claim that Defendants acted beyond the scope of their authority or that they breached a duty not owed to the public generally, independent of their state employment. Additionally, Plaintiffs do not dispute that the matters complained-of involve actions within an officer's normal functions.

Instead, Plaintiffs argue that their allegations that Defendants' acted unconstitutionally are sufficient to bar the application of sovereign immunity. Specifically, Plaintiffs note that the complaint alleges that all Defendants violated Robert and Kay Jones's Fourth Amendment rights. However, it is exceedingly clear that Plaintiffs' wrongful death claims do not depend on the Fourth Amendment allegations. Rather, the complaint alleges that "defendants owed a duty to exercise the highest degree of care for the safety of Melvin," that they breached this duty of care, and that their "conduct was willful, wanton, careless, and negligent" (Doc. 2, ¶¶ 61–63). The wrongful death claim, therefore, is not dependent on any constitutional ground, and Plaintiffs allege no causal linkage between any unconstitutional seizure and their wrongful death claims. As the Seventh Circuit stated in **Richman v. Sheahan**

> [Plaintiff's] state wrongful death and survival claims are not dependent on the alleged constitutional violation, but instead on a theory of wilful and wanton negligence, so the exception to immunity for unconstitutional conduct does not apply.

**270 F.3d 430, 442 (7th Cir. 2001).** Such is the case here, and Defendants are protected from suit under the doctrine of state sovereign immunity.[2]

---

[2] Plaintiffs also suggest that Defendants may have violated Melvin Jones's Fourth Amendment and Article I, Section 6 rights in that they "detained Melvin under gunpoint without

Because the Court finds that Plaintiffs' wrongful death claims are effectively against the State of Illinois, sovereign immunity bars recovery against these Defendants. Accordingly, Plaintiffs' wrongful death claims against Lawrence, Wright, and Barr in Count III must be dismissed.

As a result, the Court need not consider the Defendants' alternative argument that the public official doctrine bars suit.

### E.  Conclusion

For the reasons stated above, the Court hereby **GRANTS** Defendants' motion to dismiss (Doc. 27) and **DISMISSES** Plaintiffs' wrongful death claims against Defendants Lawrence, Wright, and Barr, as stated in Count III of Plaintiffs' complaint.

Consequently, Plaintiffs' § 1983 claims in Counts I and II remain pending against all Defendants. Count III is entirely dismissed.

**IT IS SO ORDERED.**

**DATED this 30th day of September 2008.**

**s/ Michael J. Reagan**
**Michael J. Reagan**
**United States District Judge**

---

discerning probable cause that he had committed a crime or that he intended to commit a crime" (Doc. 38, p. 5, n.1). However, Plaintiffs have not pled these constitutional allegations, nor have they moved to file an amended complaint. Plaintiffs' indication that they may eventually move to amend is irrelevant. The Court must take the pleadings as they are. Therefore, the Court may only consider the allegations in Plaintiffs' current complaint (Doc. 2).